STILLMAN LEGAL PC
42 Broadway, 12th Floor
New York, New York 10004
Telephone: (212) 203-2417
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Sofia Vasquez

            *Plaintiff*,

-against-

Nuevo Tulcingo Azteca Corp. (DBA Nuevo Azteca), Angel Molina and Gilberto Molina
            *Defendants*.
-------------------------------------------------------X

**COMPLAINT**

**under 29 U.S.C. § 216(b)**

**ECF Case**

Sofia Vasquez, ("Plaintiff"), individually by and through her attorneys, Stillman Legal, P.C., upon their knowledge and belief, and as against Nuevo Tulcingo Azteca Corp. (DBA Nuevo Azteca), Angel Molina and Gilberto Molina (each an "Individual Defendant" and collectively with "Defendant Corporation", "Defendant"), allege as follows:

### NATURE OF THE ACTION

1. Plaintiff is an employee of Defendant, employed to work as a waitress, bartender and also cleaning in a restaurant known as Nuevo Tulcingo Azteca Corp. (DBA Nuevo Azteca) in The Bronx, New York.

2. The defendant owns, operates, and/or controlled a restaurant named "Nuevo Azteca" located in 134 E 170th St, The Bronx, NY 10452.

3. Plaintiff was employed by Defendant to work as a waitress and bartender.

1

4. At all times relevant to this complaint, Plaintiff worked for Defendant in excess of 40 hours per week, without appropriate compensation for the hours over 40 per week that she worked.

5. Defendant failed to pay Plaintiff minimum age or appropriately compensate her for any hours worked over 40, either at the straight rate of pay or for any additional overtime premium.

6. Plaintiff now brings this action for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 137-1.7 (2006) including applicable liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

8. The venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendant operates their businesses in this district, and Plaintiff was employed by Defendant in this district.

## THE PARTIES

*Plaintiff Sofia Vasquez*

9. Sofia Vasquez ("Plaintiff Vasquez") is an adult individual residing in Bronx, New York.

10. Plaintiff was employed by Defendants from July 2022 until December 5th, 2022.

2

11. Plaintiff was hired as a waitress and bartender from Tuesday through Friday for (12) twelve hours per day, (48) forty-eight hours per week.

12. Plaintiff earned ($10) ten dollars per hour through all her employment with Defendants and received an average of ($15) fifteen dollars per tips per day. Defendant failed to pay her the minimum wage overtime required by the FLSA and NYLL.

*Defendants*

13. At all times relevant to this complaint, Defendants owned, and operated a restaurant known as Nuevo Tulcingo Azteca Corp. (DBA Nuevo Azteca).

14. Defendants Angel Molina and Gilberto Molina are an individual engaging (or who were engaged) in business in this judicial district during the relevant time period.

15. Defendants Angel Molina and Gilberto Molina are sued in their individual capacity as, on information and belief, they are owners, officers, and/or agents of Defendant Corporation.

16. Upon information and belief, Defendants Angel Molina and Gilberto Molina possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

17. Defendants Angel Molina and Gilberto Molina determined the wages and compensation of the employees of Defendant, including Plaintiff, and established the schedules of the employees, maintained employees' records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendant Constitute Joint Employers*

18. Defendant owned, operated, and/or controlled a restaurant named Nuevo Tulcingo Azteca Corp. in The Bronx, New York.

19. Upon information and belief, individual Defendants Angel Molina and Gilberto Molina had operational control over the Defendant Corporation, possessed an ownership interest in Defendant Corporation, and controlled significant functions of Defendant Corporation.

20. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

21. Defendants possessed substantial control over Plaintiff (and other similarly situated employees) working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

22. Defendants jointly employed Plaintiff, and all similarly situated individuals and is her (and all similarly situated individuals') employee within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

23. In the alternative, Defendants constitutes a single employer of Plaintiff and/or similarly situated individuals.

24. At all relevant times, Defendants were Plaintiff's employer within the meaning of the FLSA and New York Labor Law. The defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of compensation in exchange for her services.

25. In each year from 2017 to the present, Defendant, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

*Plaintiff Sofia Vasquez*

26. Plaintiff Vasquez has been employed by Defendants from on or about July 1st, 2022, until December 5th, 2022.

27. Plaintiff was presumably a tipped employee who worked as a waitress and bartender.

28. Defendants paid Plaintiffs below the tip-credit rate.

29. Plaintiff was never notified by the Defendants that her tips had been included as an offset for wages.

30. Defendants have not accounted for these tips in any daily or weekly accounting of Plaintiff 's wages.

31. Plaintiff was not required to keep track of her time, nor to her knowledge did Defendants utilize any time tracking device, such as sign-in sheets or punch cards, that accurately reflected his actual hours worked.

32. Plaintiff worked from Tuesday through Friday. Her schedule was from 6:00 P.M. until 6 A.M.  Plaintiff usually worked 48 hours per week, (12) twelve hours per day.

33. Plaintiff Vasquez's work duties required neither discretion nor independent judgment.

34. Plaintiff Vasquez was not required to punch in or out.

35. Plaintiff Vasquez regularly worked more than 40 hours per week.

36. Plaintiff was paid $10 per hour in cash and received, on average, $15 per night in tips.

37. Plaintiff was not paid minimum wage, nor did she receive overtime at the required time and half premium pay.

38. No notification, either in the form of posted notices or other means, was given to Plaintiff regarding overtime and wages under the FLSA and NYLL.

*Defendant' General Employment Practices*

39. Defendant's pay practices resulted in Plaintiff not receiving payments for all her hours worked, resulting in Plaintiff's effective rate of pay falling below the required minimum wage and overtime wage rate.

40. Plaintiff has been a victim of Defendant's common policy and practices violating their rights under the FLSA and New York Labor Law by not paying her the wages he was owed for the hours he had worked.

41. As part of their regular business practice, Defendant intentionally, willfully, and repeatedly harmed Plaintiff by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

42. Defendant failed to provide Plaintiff with statutorily required wage and hour records or statements of her pay received, in part so as to hide Defendant' violations of the wage and hour laws, and to take advantage of Plaintiff's relative lack of sophistication in wage and hour laws.

43. Defendant willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

44. Upon information and belief, this was done to disguise the actual number of hours Plaintiff worked, and to avoid paying Plaintiff properly for (i) her full hours worked, (ii) for overtime due, and (iii) for minimum wage.

45. Defendant did not provide Plaintiff with any document or other statement accurately accounting for her actual hours worked and setting forth rate of overtime wage.

## **FIRST CAUSE OF ACTION**
**(Violation of the Overtime and Minimum Wage Provisions of the FLSA)**

46. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

47. At all times relevant to this action, Defendant was Plaintiff employers (and employers of the putative FLSA) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

48. The defendant had the power to hire and fire Plaintiff, control her terms and conditions of employment, and determine the rate and method of any compensation.

49. At all times relevant to this action, Defendant was engaged in commerce or in an industry or activity affecting commerce.

50. Defendant constitutes an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

51. Plaintiff was damaged in an amount to be determined at trial.

52. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

53. Defendant, in violation of the FLSA, failed to pay Plaintiff minimum wage and overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

54. Defendant's failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

55. Plaintiff was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (Violation of Overtime and Minimum Wage Provisions of the New York Labor Law)

56. Plaintiff repeats and reallege all paragraphs above as though fully set forth herein.

57. Defendant, in violation of the NYLL § 190 *et seq.* and associated rules and regulations, failed to pay Plaintiff minimum wage and overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

58. Plaintiff has been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### (Violation of The Notice and Record-Keeping requirements of the The New York Labor Law)

59. Plaintiff repeats and reallege all paragraphs above as though fully set forth herein.

60. Defendant failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), of her rate of pay, regular payday.

61. Defendant failed to provide Plaintiff with paychecks detailing her name, number of hours worked, deductions, etc.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant:

(a) Declaring that Defendant has violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

(b) Declaring that Defendant have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff' compensation, hours,

wages, and any deductions or credits taken against wages;

(c) Declaring that Defendant' violation of the provisions of the FLSA was willful as to Plaintiff;

(d) Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e) Awarding Plaintiff liquidated damages in an amount equal to 100% of her damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f) Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff;

(g) Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff;

(h) Declaring that Defendants have violated the recordkeeping requirements of the NYLL with respect to Plaintiff' compensation, hours, wages; and any deductions or credits taken against wages;

(i) Declaring that Defendant' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff;

(j) Awarding Plaintiff damages for the amount of unpaid overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(k) Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay, and overtime compensation shown to be

owed pursuant to NYLL § 663 as applicable;

     (l)     Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

     (m)     Awarding Plaintiff the expenses incurred in this action, including costs and attorney's fees; and

     (n)     All such other and further relief as the Court deems just and proper.

Dated: New York, New York
January 15, 2023

Lina Stillman
**STILLMAN LEGAL P.C**
42 Broadway, 12th Floor
New York, New York 10004
Telephone: (212) 203-2417
*Attorneys for Plaintiff*