UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SOFIA VASQUEZ, HERMENEGILDO CANDIA, and MAIRA NARANJO,

                Plaintiffs,

-v-

NUEVO TULCINGO AZTECA CORP. d/b/a NUEVO AZTECA, GILBERTO MOLINA, and ANGEL MOLINA,

                Defendants.

CIVIL ACTION NO. 23 Civ. 355 (PGG) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

On February 21, 2024, the Court ordered that Plaintiffs: (i) by February 26, 2024, file contemporaneous billing records to support their request for attorneys' fees, and (ii) by March 1, 2024, serve on Defendants its billing records; the documents filed at ECF Nos. 20–25, 27–30, and 32–33; and the February 21, 2024 Order, and file proof of service. (ECF No. 34 (the "Feb. 21 Order")). On February 26, 2024, Plaintiffs filed contemporaneous billing records. (ECF No. 35). Plaintiffs did not file proof that they served Defendants with the above-referenced documents, and therefore did not comply with the Feb. 21 Order.

As a one-time courtesy, the Court sua sponte EXTENDED to **March 8, 2024** Plaintiffs' time to comply with the Feb. 21 Order and serve on Defendants the documents filed at ECF Nos. 20–25, 27–30, and 32–35, and this Order, and file proof of service. Plaintiffs are warned that the failure to do so by the deadline will result in a recommendation to the Honorable Paul G. Gardephe to dismiss this action for failure to prosecute.

In light of Plaintiffs' delay, Defendants' deadline to respond to Plaintiffs' motion for default judgment (ECF Nos. 24–25 (the "Motion")) as set forth in the Feb. 21 Order is EXTENDED

to **March 22, 2024**.  **If Defendants' (1) fail to respond to the Motion, or (2) fail to contact my Chambers by the date their response to the Motion is due, I intend to issue a Report & Recommendation concerning the Motion and Plaintiffs' damages based on Plaintiffs' written submissions alone, without an in-court hearing.**  See Trans. Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) ("'it [is] not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in the default judgment'") (quoting Fustok v. ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989)).

Dated:     New York, New York
           March 4, 2024

                                        SO ORDERED.

                                        _____
                                        **SARAH L. CAVE**
                                        **United States Magistrate Judge**